## Independence Party Nomination.

*Appeals—Certiorari—Supreme Court—Review—Nomination certificates.*

Proceedings on contested nomination certificates being entirely statutory and without appeal, the Supreme Court cannot review the findings of fact or the merits of the case, but under its general supervisory powers on certiorari it is entitled to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion.

*Appeals—Certiorari—Record—Opinion of court below.*

As a general rule the opinion of the court below is not part of the record strictly so-called, and in common-law actions the review on certiorari is confined to the judgment without reference to the reasons of the court in entering it. In equity suits the rule is the other way and the reasons and opinion of the chancellor are always open to examination to discover the grounds of his action. Proceedings on summary petition occupy a middle ground. They are not open to review on the merits, as upon appeal, but as a mere inspection of the docket entries or the formal proceedings would disclose nothing the appellate court must look at the opinion as well as the action of the court to see the basis on which it acted.

*Election law—Constitution—Right of suffrage—Legislative regulation—Official ballot.*

The constitution confers the right of suffrage on every citizen possessing the qualifications named in that instrument. It is an individual right and each elector is entitled to express his own individual will in his own way. His right cannot be denied, qualified or restricted, and is only subject to such regulation as to the manner of exercise, as is necessary for the peaceable and orderly exercise of the same right in other electors.

The requirement of the use of an official ballot is a questionable exercise of legislative power and even in the most favorable view treads closely on the border of a void interference with the individual elector. Every doubt, therefore, in the construction of the statute must be resolved in favor of the elector. Per MITCHELL, C. J.

*Election law—Party—Province of courts.*

The electors themselves are the only tribunal to decide whether the principles, platform, aim or method of reaching a desired object are broad enough, permanent enough or important enough to be the basis of united action as a party, and if they so decide, courts must recognize and treat them accordingly. The only province of the courts is to ascertain whether the parties before them are within the terms of the statute in regard to the rights claimed.

*Election law—Political parties—Right to file certificates of nomination.*

Any combination or aggregation of electors with sufficient coherence and organization to have acted together for a common purpose, and suffi-

cient strength and certainty to have polled two per centum of the highest vote at the next preceding election, is a political party within the statute, having the right to put nominations on the ballot by certificate.

The fact that the members of a party calling itself the "Independence Party" claim to be still democrats on national issues is not an objection with which the courts have any concern when nominations are filed for county officers. If as "Independents" they polled the requisite vote in the county at the last election they are a separate party so far as the court is concerned to make nominations for a county election.

*Election law—"Election next preceding"—Act June 22, 1897, P. L. 179.*

The words "at the election next preceding" in the Act of June 22, 1897, P. L. 179, relative to the requisite vote cast to entitle a party to make nominations, mean the last election whether municipal or general.

*Election law—Objections to nomination—Who may file.*

Objections to nominations may be filed by electors without regard to their membership in political parties.

Argued Feb. 13, 1904. Appeal and Certiorari, No. 42, Jan T., 1904, by Edwin F. Schively et al. to bring up the record from C. P. No. 5, Philadelphia County, Dec. T., 1903, No. 3387, in the matter of objections to certificate of nomination filed by the Independence Party certifying nominations of Edwin F. Schively for receiver of taxes and Robert J. Wright and Frank T. Matthews for magistrates. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Objections to certificate of nomination of the Independence party in Philadelphia. Before MARTIN, P. J.

The court sustained the objections to the nomination and adjudged the certificate invalid.

From the record it appeared that the Independent party at the general election held in November, 1903, had polled a vote for its candidates in the city and county of Philadelphia in excess of two per centum of the largest entire vote cast for any officer therein, and that on December 13, 1903, a convention of the party was held and the officers of the convention filed with the city commissioners a certificate of nomination by it of Edwin F. Schively for receiver of taxes, and Robert J. Wright and Frank F. Matthews for magistrates, to be voted for at the February election, 1904. After the filing of the certificate Cornelius J. Haggerty and others, who were not members of the Independence party, filed objections to the nominations, on the

ground that it was not such a party as was entitled to make nominations by certificate and the action of a convention. A motion was made to quash the objections because the objectors were not members of the Independence party, which was overruled. An answer to the objections was filed and after hearing they were sustained, and the court entered a decree declaring the certificate of nomination invalid. Further facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in overruling the motion to quash; (4) to the action of the court in denying " to an organized party or body of voters, which had at the election next preceding polled more than two per centum of the largest entire vote for an office in the city and county of Philadelphia, the right to make nominations for officers therein by certificate, on the ground that the principles adopted and announced by said party were not sufficiently broad or distinctive ; " (6) the decree of the court.

*William Drayton* and *Henry Budd,* with them *E. P. Gallagher,* for appellants.—The voters are the proper persons to judge of the reality and applicability of the principles enunciated by a party in its platform, and if they were satisfied to support that party at the last election, they have conferred on it, by their numerical strength, the right to appear in the columns of the ballot: DeWalt v. Bartley, 146 Pa. 525; Robb's Case, 188 Pa. 212.

*John J. Green,* with him *W. H. R. Lukens,* for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, Feb. 15, 1904:
A certificate of nomination for the offices of receiver of taxes and magistrate by the Independence party was duly filed with the county commissioners on January 11, 1904, and on January 28, five electors filed objections in the court of common pleas No. 5, setting forth that the said certificate was not filed by any parties entitled under the law to do so and praying that for the reasons set forth in the objections the said certificate be decreed to be wholly void. An answer was filed by the candidates named in the certificate, and the case was so pro-

ceeded with that the court made a decree sustaining the objections and ordering that it be certified to the city commissioners that the said certificate of nominations was invalid.    The subject in controversy it may be here, said in brief is the right of the Independence party to a separate column of nominations on the official ballot for the election of February 16th instant.

The case having been brought to this court by certiorari, the first question is our jurisdiction.    The proceeding being entirely statutory and without appeal, we cannot review the findings of fact or the merits of the case, but under the general supervisory powers of the court on certiorari we are entitled to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion : Robb's Case, 188 Pa. 212.    As a general rule the opinion of the court is not part of the record strictly so-called, and in common-law actions, the review on certiorari is confined to the judgment without reference to the reasons of the court in entering it.    In equity suits the rule is the other way and the reasons and opinion of the chancellor are always open to examination to discover the grounds of his action.    Proceedings on summary petition like the present occupy a middle ground.    They are not open to review on the merits, as upon appeal, but as a mere inspection of the docket entries or the formal proceedings would disclose nothing we must look at the opinion as well as the action of the court to see the basis on which it acted.    Thus in regard to licenses to sell liquor, it was said in Pollard's Petition, 127 Pa. 507 (522), " the granting of wholesale licenses is a matter specially committed by act of assembly to the courts of quarter sessions.    Upon the writ of certiorari we may review their proceedings so far as to see whether they have kept within the limits of the powers thus conferred, and have exercised them in conformity with law. ·  We are of opinion that these powers have been exceeded in this instance, and that upon the face of this record the petitioner was entitled to her license."  We may therefore examine the opinion of the court below so far as to ascertain the basis of its action.

Such examination shows with entire certainty that the nominations in the certificate in question were held invalid because

the Independence party "are still avowedly and professedly members of the Democratic party of the state of Pennsylvania," and have elected delegates to the next Democratic state convention, and because, notwithstanding the declaration of principles, "it does not appear that these measures are not advocated by the Democratic and other existing parties; and is apparent from the testimony in this case that the object designated first in the declaration of principles, 'the creation of a strong and honest Democratic party,' is the real and substantial principle of the association, and that its scope is directed to the strengthening and purifying of the existing Democratic party, rather than to the creation of a new party. However commendable these objects may be, the methods pursued cannot raise the respondents to the dignity of a party within the meaning of the law."

We are unanimously of opinion that this question was not within the jurisdiction of the court to decide.

The constitution confers the right of suffrage on every citizen possessing the qualifications named in that instrument. It is an individual right and each elector is entitled to express his own individual will in his own way. His right cannot be denied, qualified or restricted, and is only subject to such regulation as to the manner of exercise, as is necessary for the peaceable and orderly exercise of the same right in other electors. The constitution itself regulates the times and in a general way the method, to wit: by ballot, with certain specified directions as to receiving and recording it. Beyond this the legislature has the power to regulate the details of place, time, manner, etc., in the general interest for the due and orderly exercise of the franchise by all electors alike. Legislative regulation has been sustained on this ground alone: DeWalt v. Bartley (No. 2), 146 Pa. 529. Anything beyond this is not regulation but unconstitutional restriction. It is never to be overlooked therefore that the requirement of the use of an official ballot is a questionable exercise of legislative power and even in the most favorable view treads closely on the border of a void interference with the individual elector. Every doubt, therefore, in the construction of the statute, must be resolved in favor of the elector.

Every elector as already said has the right to express his in-

dividual will, in his own way, and for his own reasons, which are not open to question however unsound and unimportant others may deem them.  And the rights of electors acting together as a party are equally beyond question.  The electors themselves are the only tribunal to decide whether the principles, platform, aim or method of reaching the desired object, are broad enough, permanent enough or important enough to be the basis of united action as a party, and if they so decide, courts must recognize and treat them accordingly.  The only province of the courts is to ascertain whether the parties before them are within the terms of the statute in regard to the rights claimed.  The provisions of the Act of June 10, 1893, sec. 2, P. L. 419, in regard to the question now before us are "any convention of delegates or primary meeting of electors or caucus held under the rules of a political party or any board authorized to certify nominations representing a political party which at the election next preceding polled at least two per centum of the largest entire vote for any office cast in the state or in the electoral district or division for which such primary meeting caucus convention or board desires to make or certify nominations, may nominate one candidate for each office which is to be filled in the state or in the said district or division at the next ensuing election by causing a certificate of nomination to be drawn and filed as hereinafter provided."  Any combination or aggregation of electors with sufficient coherence and organization to have acted together for a common purpose, and sufficient strength and continuity to have polled two per centum of the highest vote at the next preceding election, is a political party within the statute, having the right to put nominations on the ballot by certificate. What the bond shall be which holds the combination together is exclusively within its own determination.  It may be different principles from those of other political parties, a different object, or the same object by different means.  These and all similar matters are outside the jurisdiction of the courts and rest exclusively on the will of the individual electors.

The objection, therefore, made in the court below that the Independence party claim to be still Democrats on national issues is not one with which the court has any concern.  If as Independents they polled the requisite vote in this county at

the last election, they are a separate party so far as the court is concerned, to make nominations for a county election.   It is not necessary that the object of the party should be broad enough to apply to the whole state, or that it should have polled a vote in the whole state.   If they proposed to nominate for a state office the rule would be different, for the statute makes the test, the vote in " the state or in the electoral district or division for which such . . . . convention desires to make nominations."   They may therefore call themselves and act as Independents in this county and as Democrats through the rest of the state.   So far as the court is concerned they may form a party within a party, or may be a branch or wing or section or faction of one party and yet have a separate standing of their own in the district where they have polled the requisite vote as such.   No doubt the court for certainty and the avoidance of confusion may require a .distinctive name whenever a distinctive right is claimed but no such question arises in this case.   Whether such assertion of individual liberty and such separate party action for municipal purposes while adhering to Democratic national policy is so great a departure from Democratic principles, practice and discipline as to forfeit the right to act as an integral part of the Democratic party in convention on state or national matters will be for the majority of that party to decide when the question arises. It is not a judicial question.

There is no disputed fact in the case though the seventh objection apparently raises one.   It is that the so-called Independence party did not poll two per centum of the largest vote " in the electoral district and division of the state of Pennsylvania known as the city of Philadelphia at the election next preceding," etc.   In the original paper filed of record the expression first used was " known as the city and county of Philadelphia," but the words " and county " were struck out before filing.   It is now explained that this was intended to limit the denial of the requisite vote to that cast at the last preceding municipal election, and it is conceded that the party did not cast such vote at the municipal election in February, 1903, but .did so at the general election in November, 1903. This fully met the requirements of the statute.   The language is " at the election next preceding."   This means exactly what

is says, the last election without qualification whether municipal or general. The words that follow, " the largest entire vote for any office cast in the state or in the electoral district," etc., refer to the vote not to the election.

The assignment of error by the appellants that the court should have quashed the objections on the ground that the objectors were not members of the Independence party is not sustained. The objections related to putting names on the official ballot for general use. They therefore concerned all the electors and were open to all alike without regard to their political position.

On the whole case it is clear that the appellants are entitled to have their names put on the ballot in accordance with the certificate, but as the time does not permit this to be done in the usual way we make no order on the city commissioners but leave it to them with directions to facilitate the rights of the appellants in this respect as far as may be practicable.

Judgment reversed.