# American Natural Gas Company, Appellant, *v.* Evans.

*Eminent domain—Natural gas company—Deed—Pipe line—Agreement with owner—Revocation of agreement.*

Where a landowner, in consideration of receiving natural gas for his premises at a fixed price, grants to a gas company the right to lay and maintain a pipe line through and under his land, and the right to construct and operate a telegraph or telephone line over his land, the gas company cannot, by a mere notice of its intention to maintain its pipe line by the right of eminent domain, and not thereafter supply gas at the price fixed by the contract, place itself in a position to cut off the supply of gas; but the company may by proper corporate action resolve to abandon and surrender its rights, under the contract, and if it does so, and serves proper notice thereof upon the landlord, it may proceed forthwith to condemn property sufficient for the maintenance of its pipe line without actually taking up the pipes already laid on the property.

In such a case it is not within the discretion of the court below to refuse to approve of a bond filed in the condemnation proceedings if the bond is itself sufficient. The refusal to approve the bond under such circumstances may be reviewed by the appellate court on certiorari.

Argued May 5, 1915. Appeal, No. 151, April T., 1914, by plaintiff, from order of C. P. Indiana Co., March T., 1914, No. 10, refusing to approve bond in condemnation proceedings in case of American Natural Gas Co. v. William A. Evans. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON and TREXLER, JJ. Reversed.

Petition for approval of bond in condemnation proceedings. Before TELFORD, P. J.

The court refused to approve the bond.

The facts appear by the report of the case of Evans v. American National Gas Company, 55 Pa. Superior Ct. 116, and by the opinion of the Superior Court.

162, (1916).] Assignment of Error—Opinion of the Court.

*Error assigned* was order refusing to approve the bond.

*Walter Lyon,* with him *Cunningham & Fisher,* for appellant.—In no case has a corporation wrongfully in possession been compelled actually to deliver up physical possession, but has been permitted to perfect its right possession by the exercise of its power of eminent domain: Richards v. Buffalo, Etc., R. R. Co., 137 Pa. 524; P. & L. E. R. R. Co. v. Bruce, 102 Pa. 23; Oliver v. Pittsburgh, Etc., R. R. Co., 131 Pa. 408; Connellsville Gas Coal Co. v. B. & O. R. R. Co., 216 Pa. 309; McClinton v. R. R. Co., 66 Pa. 404; Hay v. Valley Pike Co., 38 Pa. Superior Ct. 145.

*J. N. Banks,* with him *S. M. Jack, Peelor & Feit, Ernest Stewart, John H. Pierce* and *Wm. Banks,* for appellee.—The appellant does not seek, in this proceeding, to abandon all the rights it has under the contract, but is endeavoring thereby to retain the rights, it acquired by contract, and hold them under eminent domain, and thereby free itself from the obligation to furnish gas to appellee at the price provided for in the agreement. It is seeking to hold all it acquired under the provisions of the contract beneficial to it, and to rescind that part beneficial to appellee, thus destroying the mutuality of the contract: Semple v. Cleveland, Etc., R. R. Co., 172 Pa. 369; Hay v. Baer, 48 Pa. Superior Ct. 231.

OPINION BY HENDERSON, J., May 9, 1916:

The contention between the parties to this appeal arose out of the facts exhibited in Evans v. American Natural Gas Co., 55 Pa. Superior Ct. 116. At that time the appellant undertook to exercise the right of eminent domain over the premises theretofore granted by the appellee to its predecessor-in-title for the maintenance of a natural gas pipe line and a telephone line used in connection with its business. It was decided in the case re-

ferred to that the contract under which the pipes were originally laid "was an entire and indivisible one and that the company grantee was not at liberty to so split it up as to retain the estate granted under it and at the same time seek to change the compensation that induced the grant." When the appellant acquired by purchase from the Indiana company all of its property and franchises it took the contract with Evans, the grantor, in its entirety and it could not while retaining the advantages of the contract change the annual consideration called for therein into the payment of such damages as might be awarded by a board of viewers in a condemnation proceeding. It was held, however, that no privity of contract existed between the appellant and the grantor in the contract with the Indiana company and that the appellant, as the assignee of the latter company, might at its pleasure surrender the rights it acquired under that contract and by so doing relieve itself from any responsibility for the further performance of the obligations of its assignor. After the determination of that case the appellant by appropriate corporate action adopted a resolution "to abandon and surrender any right to lay and maintain pipe lines and construct and maintain a telegraph or telephone line and operate the same over and through the land of William A. Evans," the grantor. Subsequently a notice of the action of the corporation was served on Evans and at a still later date the appellant presented a bond to the Court of Common Pleas of Indiana County to secure to the landowner any damage he might sustain by reason of the condemnation of as much of the land as would be necessary for the maintenance of its pipe line and asked for the approval of the bond and the appointment of viewers to assess damages. The court refused to approve the bond and appoint viewers. This conclusion was reached for the reason that the petitioner still occupied the premises with its pipes and gas line and the court was not convinced that the abandonment was made in good faith.

It will be observed that the case as now presented raises a different question from that which was heard in the former proceeding between the same parties. The sur-render of the contract has been made by the pipe line company. It was said that this had not passed the "paper stage" but we think it needs no argument to show that this deliberate action of the company deprived it of any rights under the contract and that after the adoption of the resolution of abandonment and notice thereof to the landowner the company was disabled from exercising any privileges, control or occupancy thereunder. All that remained to the company was a reasonable opportunity to remove its property as provided for in the original contract. After the latter period it became a trespasser and subject to an action of ejectment but we are unable to see that the omission to remove the pipes had the effect to continue the contract or nullify the act of abandonment and surrender formally declared by the corporation. If Evans had brought an action of ejectment to recover the land included in the grant certainly no defense could have been successfully introduced by the appellant to overcome the effect of the notice of surrender given to him supported as it was by the action of the corporation declaring such abandonment. The court would have said on the admitted facts that the appellant had no right longer to remain on the premises and that the landowner was entitled to a verdict. And if such course had been pursued by the owner and a judgment had been entered in the action of ejectment, would not the court permit the gas company to file a bond and institute condemnation proceedings without subjecting it to the expense, destruction of property and interruption of business inseparable from the taking up of the pipes? The equitable power of the court to stay an execution under such circumstances to afford the defendant an opportunity to institute proceedings to condemn without such loss has been exercised in several instances. In P. & L. E. R. R. Co.

v. Bruce, 102 Pa. 23, the railroad company bought the rights of the Penna. & Ohio Canal Company in its canal bed, towpath, etc., and built a railroad thereon, apparently supposing the canal company had a fee in the land. It was decided, however, in an action of ejectment that the canal company took an easement only; that the fee remained in the grantors and the plaintiffs were entitled to recover. It was said, however, that the defendant could secure a right of way and save the work and property which it had put on the plaintiff's land by having an assessment of damages as provided by law and that if the plaintiffs should refuse a stay of execution until this could be accomplished the court below on application could interpose its injunction. In Connellsville Gas Coal Co. v. B. & O. R. R. Co., 216 Pa. 309, a recovery in ejectment was had because the owner had never received compensation although the railroad company was in occupancy of the land with its track, but the court stayed the execution to permit the company to institute condemnation proceedings. The same rule was expressed in Semple v. Cleveland, Etc., Ry. Co., 172 Pa. 369. In that case the railroad company acquired possession under a contract for a right of way. The contract contained provisions for a water tank, a station and service at the station. Several years after possession had been taken and the road built the company undertook to repudiate a part of the contract and retain a part. This it was decided could not be done; that there must be a surrender of the whole contract and the court in speaking of the necessity imposed on the company said, "If the contract is to be rescinded it must be by notice to the owners of the land and a proceeding to substitute the value to be fixed by viewers to be appointed under the general railroad laws for the annual value agreed on by the parties......It must stand on its contract rights or rescind in toto, and fall back upon its right of eminent domain to protect itself in the enjoyment of its right of way and the other rights acquired

originally by the contract.......The company must be required to elect whether it will pay for its right of way and other privileges as it agreed to, or by rescinding the contract, and proceeding under the right of eminent domain, pay for it under the provisions of the general railroad laws.  It may do either, but its title must rest on a subsisting contract or on a valid appropriation."  These cases, we think, clearly established the rule that where a corporation is invested with a right of eminent domain and is in occupancy of a right of way under a grant with the right of surrender and abandonment it is not necessary as a consequence of such abandonment that the property of the corporation on the land in question be destroyed or removed as a condition precedent to the right of the company to institute a proceeding to condemn the right of way theretofore used under the grant and that a court will exercise its equitable power to stay execution process until the company can carry such proceeding to a conclusion.  The facts of the case before us bring the parties within the operation of this principle.  It is not disputed that the appellant has the right of eminent domain as to its pipe lines.  It is conceded that it had the right to surrender and abandon the privileges and franchises granted by the landowner to the Indiana company and assigned by it to the appellant.  We think the legal effect of its resolution of surrender and abandonment was to restore to the landowner the right which he possessed and exercised before his grant to the Indiana company and that the appellant is a trespasser merely without a right of occupancy except as that occupancy might be protected under the circumstances to enable it to acquire title by condemnation.  The railroad cases have not such features as distinguish them from that under consideration.  They are all cases where the respective companies went onto the land by grant or permission, where the title failed or was surrendered and where structures had been placed, the removal of which would have subjected the company to expense and loss

with an interruption of public service and without compensating advantage to the owner of the land. The action of the court below being based apparently on the conclusion that the surrender of the contract was not effective in law and there being no evidence to impeach the action of the corporation with respect thereto we think the reason assigned is not sufficient and that the appellant should have been permitted to file the bond and present the petition tendered to the court. This conclusion does not apply to the telegraph and telephone line as to which it is not claimed that a natural gas company has the right of eminent domain as incidental to its business.

It is said, however, that the refusal of the court to approve the bond is a matter of discretion and it is not reviewable except when an abuse of discretion is alleged. We do not understand however, that where the right of eminent domain is vested in a corporation and the record shows its intention to exercise that right and the bond is tendered on failure of the owner and the corporation to agree the court is at liberty to refuse to approve the bond where no question of its sufficiency arises and the lack of power to condemn does not appear in the record. If the corporation has authority to exercise the right it is the duty of the court to approve the bond if it be sufficient. The discretion to be exercised is a legal one and should be supported by such facts as are sufficient to justify the action of the court. The subject is discussed at length in the case of Katherine Water Co., 32 Pa. Superior Ct. 94, and a further discussion than is there presented is unnecessary. Moreover, it appears from the record that the order refusing the approval of the bond was not based on a conclusion that the bond was not sufficient. The action of the court rested on the adjudication that the corporation was without power to condemn under the circumstances and our jurisdiction on a certiorari extends to a determination from the whole record whether the judgment of the court below was sup-

ported by sufficient reasons: Independence Party Nomination, 208 Pa. 108; Knoblauch's License, 28 Pa. Superior Ct. 323.

A reargument was allowed in this case because of the somewhat novel questions involved and the diversity of opinion as to the proper judgment to be entered.

After a careful consideration of the arguments and rearguments presented we have reached the conclusion that the decree of the court should be reversed and the record remitted to the court below in order that it may determine the sufficiency of the bond tendered by the appellant.

Judgment is entered accordingly.