## Philadelphia General Election Case.

Argued November 4, 1938. Before KEPHART, C. J., SCHAFFER, LINN, STERN and BARNES, JJ.

458

*Marshall H. Morgan,* for appellant.

*Leon I. Mesirov, Philip Price* and *Richard T. McSor-ley,* for appellees.

PER CURIAM, November 5, 1938:

"The constitution confers the right of suffrage on every citizen possessing the qualifications named in that instrument. . . . His right cannot be denied, qualified or restricted, and is only subject to such regulation as to the manner of exercise, as is necessary for the peaceable and orderly exercise of the same right in other electors": *Independence Party Nomination,* 208 Pa. 108, 112.

Section 1206 of the Election Code of 1937, P. L. 1333, provides—"Duties of Common Pleas Court on Days of Primaries and Elections.—The court of common pleas of each county of the Commonwealth or a judge or judges thereof, shall be in continuous session at the courthouse of said county on the day of each primary and election from 7 o'clock A. M. until 10 o'clock P. M. and so long thereafter as it may appear that the process of said court will be necessary to secure a free, fair and correct computation and canvass of the votes cast at said election. During such period said court shall act as a committing magistrate for any violation of the election laws; shall settle summarily controversies that may arise with respect to the conduct of the election; shall, if it appears necessary, instruct election officers, overseers, watchers, and electors as to their rights and duties in election matters; shall issue process, if necessary, to enforce and secure compliance with the election laws; and shall de-

cide such other matters pertaining to the election as may be necessary to carry out the intent of this act."

In the court below a petition was filed by David W. Harris, who averred that he is a duly qualified and registered elector of the City and County of Philadelphia and also Secretary of the Republican Central Campaign Committee of the county. He set forth that Section 1210(d) of the Code, P. L. 1420, provided that "No person . . . shall be entitled or permitted to vote at any primary or election . . . unless he has been personally registered as an elector and his registration card appears in the district register of such election district . . .", but that "many thousands of qualified electors of said City and County of Philadelphia who have in all respects complied with the requirements of the said First Class City Permanent Registration Act and who accordingly have been guaranteed the right of suffrage under the Constitution of Pennsylvania will be denied that right by the election boards of their respective election districts at the said general election [of November 8, 1938] because of the absence of their registration cards in the District Registers of their respective election districts." He alleged that the failure to have these cards in the district results not from the fault or neglect of the elector, but from "the failure on the part of the Registration Commissioners of the said City and their employees and agents properly to file in the District Register of the Election Districts in which each of such electors resides his or her registration card as required by" law. He asked, pursuant to section 1206, supra, that instructions be issued to the election officers and others necessarily involved, concerning their rights and duties under the election law and proposed, for the court's approval, a plan by which, on election day, affidavits to duplicate original registration forms might be substituted for the missing registration cards.

After hearing, the learned President Judge of the court below was of opinion that the proposed method

was inconsistent with the statute and dismissed the petition. The petitioner has appealed. We think the petition was properly dismissed but that a voter in the circumstances described is not without remedy.

At the argument of the appeal, the Court was addressed by counsel respectively representing the petitioner, the County Board of Election, the Registration Commissioners, the Democratic Campaign Committee and the Committee of Seventy. It is obvious from what was said by counsel during the argument, that a real difficulty in the administration of the registration law exists. The subject is of great public importance; for that reason we heard the appeal immediately and as the election must be held next Tuesday, we must announce our conclusion at once. Personal registration under the statute results in making a public record evidencing the citizen's right to vote. The statute requires, for the information of the election officers, that a duplicate of the record—the voter's registration card—appear in the District Register (section 1210(d) ) and that an original and duplicate of the same appear among the public records remaining in the custody of the commission. We were informed, at the argument, that changes in the voter's residence, and other matters referred to in the statute, require changes from time to time in these registration records and that in the necessary handling of the cards to record the changes, mistakes are frequent and practically unavoidable. There was apparent agreement among counsel that it was not only desirable but essential to provide, so far as possible, that these mistakes in the handling of the registration cards should not result in the disfranchisement of any qualified voter. The requirement to have the card at the polling place is a mere aid in the proof of the existence of the record showing that the citizen has complied with the election regulations and is therefore entitled to vote; it of course constitutes a part of a public record. It is elementary that the contents of a lost or missing record may be

proved by secondary evidence, a principle that applies as much to these records as to others.

We all agree that when it appears that a voter's registration card, the record which the law entrusted to the care and keeping of the Commission, is not produced by the Commission at the voting place, at the time of an election as the law requires that it should be, such voter may apply, pursuant to section 1206, to any judge of a court of common pleas for an order on the election officers requiring them to receive his vote if he shall satisfy such judge of the prior existence of a valid record; in other words, that the applicant had been duly registered and is entitled to vote but for the omission to have the registration card at his polling place; in such circumstance it is the duty of the court to order the election officer to receive the vote.

In order that qualified voters may not be disfranchised by failure of public officers to transmit the registration records as the law requires, we request all of the judges of the courts of common pleas of Philadelphia County and all other judges qualified to sit in the common pleas, to hold themselves available on election day, November 8, 1938, to receive and pass upon applications of the character under consideration.

The order dismissing the petition must therefore be modified as follows: The twenty-one judges of the courts of common pleas in Philadelphia County and the six judges of the orphans' court who are authorized by statute to sit in the common pleas, are requested to hold themselves available on Election Day, November 8, 1938, either in their courtrooms in the City Hall, or in their chambers or in such other appropriate place or places as they or any of them may select* for the purposes of receiving the oral application of any voter asserting that

---

* The specifications in section 1206 as to the time and place of sitting must be construed to be directory and not mandatory: *Election Cases,* 65 Pa. 20; *Socialist Labor Case,* 332 Pa. 78.

his or her right to vote has been denied on the ground that his or her registration card was not at the polling place, for an order on the election officers to receive the vote of the applicant. The inquiry shall be conducted by the judge who, if satisfied that the applicant was duly registered and entitled to vote on November the 8th, may order that the election officers receive the applicant's vote.

Blank forms of order, appropriate for the purpose, shall be printed, furnished to the courts and paid for by the County Commissioners.