Finnegan Appeal.

Argued October 5, 1950. Before DREW, C. J., STERN, STEARNE, JONES and CHIDSEY, JJ.

*David Berger,* for appellant.

*William T. Connor,* for County Commissioners of Philadelphia (constituting County Board of Elections), appellees.

*Marshall H. Morgan,* for Republican Central Campaign Committee of Philadelphia.

*Samuel M. Jackson,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for Commonwealth.

OPINION BY MR. JUSTICE JONES, October 13, 1950:

The proceeding in the court below was without authority of law. There is no power in a Court of Com-

8

mon Pleas to render an advisory opinion except in an election matter under the jurisdiction conferred by Sec. 1206 of the Pennsylvania Election Code of 1937, 25 PS §3046. Such jurisdiction, by the very terms of the grant, does not attach until seven o'clock a.m. on the day of each primary or election and then endures only until ten o'clock p.m. of the same day or for the relatively brief period of time thereafter "necessary to secure a free, fair and correct computation and canvass of the votes cast at said election." The express designation by the statute of the time and instances in which the jurisdiction may be exercised implies a negative on the exercise of such power at any other time or in any other cases: see *Watson v. Witkin,* 343 Pa. 1, 17, 22 A. 2d 17. The stated conception of the learned judge of the court below that he was sitting in the instant matter (in September 1950) as "the same Election Court" that had functioned at the primary on May 17, 1950, is obvious error. The petition was "inconsistent with the statute" and should have been dismissed: cf. *Philadelphia General Election Case,* 332 Pa. 457, 459-460 2 A. 2d 301. The legal procedure appropriate to the circumstances was not pursued.

The proper way to raise a question such as the petitioners present would be to invoke equity's jurisdiction to restrain, or the jurisdiction at law in mandamus to compel, conduct by the County Commissioners (acting as a board of elections) according as they may threaten to include more or less in their instructions to local election officers than what the law authorizes. However, inasmuch as the question of substance raised is of general public importance throughout the Commonwealth and has been fully briefed and argued on the merits by counsel representing divergent views, it would be inexcusably meticulous, especially as the time remaining before the approaching election is growing short, to remand merely that the question

might be raised properly. We therefore now declare that, having given the matter the same careful consideration we would give it were it before us in an appropriate proceeding, we are unanimously of the opinion that there is no provision in the law which empowers a candidate to be present in a polling place during the time the polls are open except for the purpose of casting his or her own individual ballot and that county boards of elections act within their legal authority when they instruct election officers to such effect.

Section 1220 of the Pennsylvania Election Code (25 PS §3060), which, as captioned, prescribes the "Regulations in Force at Polling Places", provides in subsection (a) that "Until the polls are closed, no person shall be allowed in the polling place outside of the enclosed space at any primary or election, except the watchers, voters not exceeding ten at any one time who are awaiting their turn to vote, and peace officers, when necessary for the preservation of the peace . . ." and "(b) No elector, except an election officer, clerk, machine inspector or overseer, shall be allowed to reenter the enclosed space after he has once left it . . . ." Subsection (d) of the same section further provides that "All persons, except election officers, clerks, machine inspectors, overseers, watchers, persons in the course of voting, persons lawfully giving assistance to voters, and peace and police officers, when permitted by the provisions of this act, must remain at least ten (10) feet distant from the polling place during the progress of the voting." Plainly, candidates are not among the excepted persons.

In the face of the foregoing specific statutory directions, the appellant argues that candidates, as such, have a right to be in polling places at all times during the time the polls are open. This contention, he bases upon an implication derived from Sections 1806 and

1807 of the Code which impose penal sanctions (1) for an election official's refusal to permit candidates, inter alia, to be present at certain places, including the polls, as authorized by the Act and (2) for anyone's driving away candidates, inter alia, required or permitted to be present at any polling place. But, nowhere does the Pennsylvania Election Code affirmatively authorize candidates to be present in polling places *during the time the polls are open* except for the purpose of casting their individual ballots.

The order of the court below is reversed and the petition dismissed at the cost of the County of Philadelphia.