## McClain Petition

*Sanford S. Finder,* for petitioner.
*William C. Porter,* for respondent.

SWEET, P. J., June 12, 1969.—In this proceeding, William S. McClain has succeeded in raising a novel question of election law.

He asserts that he was registered as a member of the American Independent Party. This, the politically minded will recall, is the Wallace faction and it now

has the status of a recognized political party. On May 20, at 7:45 p.m., McClain presented himself at the polls of Robinson 3 (Valley Street) to vote in the primary. He was advised that no ballot was available there for his political party.

We did not take testimony since the facts were not in dispute but a discussion was had at the bar in motion and rule court. Mr. Finder explained his client protested, that Mrs. Felton, judge of election, made a telephone call to the courthouse, and that she then advised him that there was no A.I.P. ballot available for him to vote. No one took it up with Judge Curran on duty that night at the court house.

Earlier in the day, in the same primary, a somewhat similar situation arose when a voter of the newly emergent Constitutional party met the same situation in North Strabane, 3. There it developed that the Constitutional ballots were in with the others and after some search and phone calls, the elector was able to vote. Due to the lateness of the hour in the instant case, it was apparently not possible to find the American Independent ballot to make it available to McClain before the polls closed. It was in the package returned by the local election officials to the court house, and evidently mislaid or out of sight at the time McClain was ready to vote.

McClain petitions the court: ". . . to make an Order directing the County Board of Elections to provide him with a ballot so that he may cast his constitutional vote which vote shall be sealed and placed with the absentee ballots and counted when said ballots are opened and counted by the return board."

This is a novel remedy. We have here a case of first impression, and our research has turned up nothing like this. McClain's attorney frankly admits there is no precedent for his demand.

It should be recognized at the outset that: "Prescribed procedures in election matters are creatures

of statute and, unless one can point to statutory authority for the course which he chooses to follow, his action is without legal warrant": Flood Appeal, 372 Pa. 486 (1953); Jones Election Contest Case, 376 Pa. 456 (1954). It is plain therefore that jurisdiction of the court in election cases is founded entirely on statute and not common law.[1] See Kulpmont Borough Election Case, 40 D. & C. 2d 1 (1966). It was held in Finnegan Appeal, 366 Pa. 6 (1950) "There is no power in a court of common pleas to render an advisory opinion except in an election matter under the jurisdiction conferred by (25 PS §3046)."

"Such jurisdiction," that case went on to say, "by the very terms of the grant, does not attach until seven o'clock on the day of each primary or election and then endures only until ten p.m. of the same or for the relatively brief period of time thereafter 'necessary to secure a free, fair and correct computation and canvass of the votes cast at said election.'" Applying the doctrine of Finnegan Appeal to the provisions of the election code cited hereinabove, we conclude that whatever was done summarily on election day is final *and that this court does not now June 12, 1969, have the power to change it.*

Another way to say this is that the decision of the judge of election at the polls can be taken to the common pleas judge on watch in Washington, then and there, and that his decision is final. There are two difficulties with this, first, philosophically where there is a right, there must be a remedy. McClain had a

---

[1] The Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended, 25 PS §3046, provides: a judge shall sit continuously on election day. "During such period said court shall act as a committing magistrate for any violation of the election laws; shall settle summarily controversies that may arise with respect to the conduct of the election; shall issue process if necessary, to enforce and secure compliance with the election laws; and shall decide such other matters pertaining to the election as may be necessary to carry out the intent of this act . . ."

right to an American Independent ballot and he did not get one. Second, under the new Constitution of Pennsylvania the right of appeal exists in all cases. Yet to apply either of these doctrines may make more mischief here than it would solve. If McClain has a right to demand a ballot today three weeks after the election, other electors in other times in closer elections might come in and make similar demands. The possibilities of collusion between election officers, voters who did not get to the polls and candidates in ties or extremely close cases cannot be ignored. It is of the very essence of an election that it takes place all at once and not seriatim. The appeal from the judge of elections to the county judge, is the only right of appeal on election day for such matters.[2] The whole thing goes on at once.

A practical consideration makes this more so in the facts at hand. Under the new law, 25 PS §3155, in order to gain a nomination by a regular ballot, a candidate must have a total number of votes equal to the number of signatures required on a nomination petition for the particular office.

We have no instance in this county this year where McClain's one vote will nominate any American Independent party candidate. They have only 52 registered and cannot nominate a person for county wide office by write-in. McClain is the only member in Robinson and cannot nominate local candidates by write-in alone. It takes 10. Hence, his one vote cannot in any conceivable manner affect any outcome whatsoever and while he has been vexed it is damnum absque injuria. I would not want the decision to rest on this circumstance, but it makes it easier to refuse his petition. So ordered.

---

[2] The Robinson Judge of Election made a mistake in not locating the A.I.P. ballot. Whether she has any civil liability to McClain we need not here decide.