439 A.2d 1147

**Joseph Patrick McCABE, et al., Petitioners at 421 Misc. Dkt. 1981,**

**v.**

**Samuel M. LEHRER, et al., Appellants at 453.**

Supreme Court of Pennsylvania.

Sept. 21, 1981.

Julia B. Passyn, Philadelphia, for appellants at Nos. 81–3–461 through 81–3–467, petitioners at No. 421 E.D. Misc. Dkt. and Appellees at No. 81–3–453.

Gregory M. Harvey, Philadelphia, for Edward Rendell and Thomas Leonard.

Mark A. Aronchick, First Deputy City Sol., for City Comm. of Philadelphia and City of Philadelphia.

Isadore A. Shrager, Philadelphia, for Democratic City Executive Com.

Morris M. Shuster, Philadelphia, for amicus curiae Pa. Bar Assn.

David Glancey, Chairman, Philadelphia, for County Democratic Com.

Eugene Maier, Chairman, Philadelphia, for Bd. of Elections.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

This matter is a challenge to the validity of the Democratic Primary Election for the Office of Judge of the Court of Common Pleas of Philadelphia held on May 19, 1981. At voting machines placed in 24 out of 66 of the City's voting wards, the name of Thomas J. McCormack, one of thirty candidates for one of eleven Democratic nominations, was inadvertently transposed with the name of Peter Paul Olszewski, a candidate for the Superior Court. Corrective measures were taken early during the course of the voting.

220

McCormack finished twentieth in the field of thirty, more than 16,000 votes behind the last of the eleven successful candidates.

On July 31, 1981, after an evidentiary hearing before a specially-convened three-judge panel, a majority (President Judge Beckert of Bucks County and President Judge Lowe of Montgomery County) declared the election invalid. President Judge Catania of Delaware County dissented on the ground that because there existed only a remote mathematical possibility that McCormack could have been elected without the error, there was insufficient basis for disturbing the election. This Court assumed plenary jurisdiction and heard oral argument on September 16, 1981.

After a careful examination of the returns from the challenged and the unchallenged wards, we are convinced that the inadvertent voting machine error did not affect the result of the primary within the meaning of section 1772 of the Election Code, Act of June 3, 1937, P.L. 1333, 25 P.S. § 3472, and that the returns reflect the will of the electorate.

Accordingly, the order of the Court of Common Pleas of Philadelphia, entered July 31, 1981, is reversed.

LARSEN, J., filed a dissenting opinion.

NIX, J., did not participate in the decision of this case.

LARSEN, Justice, dissenting.

I dissent; I would adopt and affirm the lower court's majority opinion. The lower court found "that there occurred at the Democratic primary on May 19, 1981 a massive and monumental error". (Lower court opinion page 13). The voters in one third of the voting districts of the City of Philadelphia were presented with an improper and misleading ballot (machine).

The so-called "corrective measures" were hardly adequate —"The mechanics were instructed to obtain band-aids, tape or anything else of an adhesive nature to make stickers to write the names of Olszewski and McCormack on the tapes and to paste these stickers to each voting machine which

contained the transposition . . . the 'corrective stickers' contained the misspelling, lack of surname and middle initial and lack of designation of the candidate. . . ." (Lower court opinion page 8). There was no evidence of *any* attempted corrections being made on 452 of the 1209 faulty machines and the attempted corrections did not conclude until 4:00 p. m. on election day.

The record clearly supports the lower court's finding that the errors "may have affected" the result of the primary. The majority of this Court's conclusion to the contrary is clearly wrong and based on nothing. The right of suffrage is not to be impaired or infringed in any way. *Independence Party Nomination*, 208 Pa. 108, 57 A. 344 (1904). The Pennsylvania Constitution (Article I Section 5) provides that "Elections shall be free and equal; . . .". If the findings of the lower court (which are supported by the evidence), do not support the invalidity of this primary election; then no election in Pennsylvania will ever be declared invalid.

Since the Majority of this Court has overruled the lower court, we do not reach the problem of whether there should be a new primary or whether the nominees should be selected by the City Democratic Party. In either case, I do not believe any person who had been nominated by the Republican Party would have been prohibited from being selected by the Democratic Party as its nominee.