Whitaker Borough, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Sebastian C. Pugliese,* with him *Harry S. Kalson* and *Samuel M. Rosenzweig,* for appellant.

*Albert E. Luttrell,* with him *Charles E. Thomas,* for appellee.

*Edward G. Bothwell,* First Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor,

*William J. Blakeley,* Assistant County Solicitor and *John W. Mamula,* Assistant County Solicitor, for County of Allegheny, intervening appellee.

*William Anderson, Jr.,* for Pittsburgh Railway Company, intervening appellee.

OPINION BY RENO, J., July 23, 1948:

Upon the application of the County of Allegheny, the Public Utility Commission issued an interim order approving the construction of a bridge to carry a public highway over a number of railroad crossings, and, without allocating construction costs, directed the county, inter alia, to "furnish all materials and do all work necessary to construct the . . . approach to the new bridge and the depressed highway adjacent thereto, all in accordance with the approved general and detail plans, *including the alteration and reconstruction of any water lines, sanitary and storm sewers and other surface or subsurface facilities of the Borough of Whitaker . . ."* (Emphasis supplied).

The Borough of Whitaker, appellant, contends that the order, so far as it affects its property, is beyond the jurisdiction of the commission, and consequently void. As stated, appellant has brought up an interim, not a final, order, and although no allocation of cost has been made, an appeal lies for the purpose of testing the jurisdiction of the commission. *Citizens' Passenger Ry. Co. v. Public Service Com.,* 75 Pa. Superior Ct. 238. However, in the objection made before the commission and in the application for a supersedeas, appellant relied upon the Act of May 2, 1929, P. L. 1278, 16 PS § 1 et seq., and the order of this court denying the supersedeas expressly held that act unapplicable. Appellant has now changed its position, and the contention comprehended in its new assignments of error was not raised before the commission, in the petition for an appeal to this court, or in the notice to the commission of the appeal. We do not approve this practice, but in view of the nature of the

question involved we have concluded to decide it.

Appellant's present contention rests wholly upon the italicized portion of the Public Utility Law of May 28, 1937, P. L. 1053, § 2 (10), as amended by the Act of March 21, 1939, P. L. 10, § 1, 66 PS § 1102: " 'Facilities' means all the plant and equipment of a public utility, including all tangible and intangible real and personal property without limitation, and any and all means and instrumentalities in any manner owned, operated, leased, licensed, used, controlled, furnished, or supplied for, by, or in connection with, the business of any public utility: *Provided, however, That no property owned by the Commonwealth of Pennsylvania, or any municipal corporation thereof, at the date when this act becomes effective shall be subject to the commission or to any of the terms of this act, except as elsewhere expressly provided herein.*" (Emphasis supplied). The contention is that the water lines and the sewers laid in appellant's streets are property which under the proviso are exempt from orders of the commission and the operation of the act.

It is at once apparent that adoption of the contention would completely abrogate and nullify the plenary and exclusive power vested in the commission by § 409 (b) of the Law, 66 PS § 1179, "to appropriate property for [the abolition of] any such [grade] crossing, and to determine and prescribe, by regulation or order, the points at which, and the manner in which, such crossing may be constructed, altered, relocated or abolished . . ." This result would almost inevitably follow because according to § 2 (15), supra, "municipal corporations" includes "all cities, boroughs, towns, townships or counties," and it seems impossible to imagine a "crossing" not located in some political subdivision, and whose construction, alteration, relocation or abolition would not affect some property owned by it.

The net effect would be to permit the proviso to eat up an important power of the commission, and this, we feel confident, cannot have been the legislative intention.

The contention represents a failure to recognize the true office of a proviso. All provisions in an act must be read in the light of their immediate context, and this is particularly true of provisos. "Provisos shall be construed to limit rather than to extend the operation *of the clauses to which they refer*"; Statutory Construction Act of May 28, 1937, P. L. 1019, § 54, 46 PS § 554. (Emphasis supplied). "Indeed, the presumption is that a proviso in a statute refers only to the provision to which it is attached, and, as a general rule, a proviso is deemed to apply only to the immediately preceding clause or provision": 50 Am. Jur., Statutes, § 438. (A substantially similar statement in R. C. L. was approved in *Orlosky v. Haskell,* 304 Pa. 57, 62, 155 A. 112).

Hence the word "property" in the proviso may not be given a wider, different or enlarged meaning than the same word in the body of the section, and "property", under the definition of "facilities", includes only assets devoted to the operation of a public utility. Accordingly, the phrase "property owned by . . . any municipal corporation" does not connote property owned by it for the performance of its governmental functions, and refers only to such property as it owns in its proprietary capacity, and uses in rendering services as a public utility.

Appellant's water lines and sewers are admittedly owned and maintained by it in its governmental capacity. It does not operate them as a public utility. The commission's order does not touch any of appellant's property protected by the proviso, and it is a valid exercise of powers expressly committed to it by the statute, and within its jurisdiction.

The cases upon which appellant relies shed no light upon this question. They illustrate the limited powers possessed by the commission in respect to municipalities, but they do not construe the section before us, and do not decide anything, even by way of dicta, contrary to our conclusion.

Order affirmed.