Reed, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*C. Francis Fisher* and *Louis Vaira,* with them *Brenlove & Fisher,* for appellants.

*Jack F. Aschinger,* Assistant Counsel, with him *Lloyd S. Benjamin,* Counsel for Pennsylvania Public Utility Commission, appellee.

*Walter T. Wardzinski,* with him *Henry G. Wasson, Jr., Ira R. Hill* and *Reed, Smith, Shaw & McClay,* for Company, intervening appellee.

OPINION BY RHODES, P. J., November 11, 1953:

These appeals are from interim orders of the Pennsylvania Public Utility Commission denying petitions of certain property owners to dismiss for lack of jurisdiction the applications of the Duquesne Light Company for Commission approval of the exercise of the power of eminent domain under the Act of May 21, 1921, P. L. 1057, §1, 15 PS §1182.

On February 28, 1953, the Duquesne Light Company filed similar applications with the Commission for approval of the exercise of the power of eminent domain in its construction of a transmission line across the properties owned by Edward O. Reed and Alberta G. Reed, his wife (appeal No. 157, April Term, 1953), Samuel M. Fife (appeal No. 159, April Term, 1953), and Carrie M. Fife (appeal No. 160, April Term, 1953) in Upper St. Clair Township, Allegheny County. These property owners appeared through counsel at the initial hearing before a Commission examiner and moved to dismiss Duquesne's applications. The examiner denied the oral motions and proceeded to hear evidence

offered by Duquesne, the applicant. The property owners then filed written petitions asking the Commission to dismiss Duquesne's applications on the ground the Commission lacked jurisdiction in the matter. The petitions of the property owners alleged lack of jurisdiction in the Commission, inter alia, for the following reasons: (1) That Duquesne Light Company did not furnish and did not intend to furnish electric service to the public in the township in which the properties in question were located; (2) that Duquesne Light Company had failed to comply or aver compliance with a zoning ordinance of the township; and (3) that the Commission had no authority to approve the exercise of the power of eminent domain by an electric light, heat or power company in a township. Answers to the petitions to dismiss were filed by Duquesne. On July 27, 1953, the Commission issued orders denying the petitions of the property owners to dismiss for lack of jurisdiction the applications of Duquesne. From these orders each of the owners involved appealed to this Court. To the appeal petitions of the property owners the Commission filed answers. At the same time the Commission filed motions to quash the respective appeals. Duquesne was permitted to intervene in the appeals, and it filed similar answers to the petitions of the property owners for appeal, and at the same time filed motions to summarily quash the respective appeals. The property owners made answer to the motions to quash. We directed that argument on the motions to quash and answers thereto be heard at the time the appeals were listed for argument on the merits.

The orders from which the appeals have been taken were issued before the Commission had an opportunity to pass on the substantive questions raised by Duquesne's applications. Consequently, we do not have

before us any order of the Commission granting a certificate of public convenience evidencing the approval of the Commission of the utility's exercise of the power of eminent domain with relation to the properties of the respective appellants. Moreover, the grant of such certificate by the Commission does not determine the right of an applicant to condemn the lands it desires to appropriate or the validity of the subsequent proceedings by eminent domain; a certificate of public convenience is only the preliminary approval of the regulatory or administrative body, and is a finding that the exercise of the power, if it exists, is necessary for the convenience, accommodation, or safety of the public. *Westside Electric Street Ry. Co. v. Public Service Commission,* 91 Pa. Superior Ct. 162; *Dickel v. Bucks-Falls Electric Co.,* 306 Pa. 504, 511, 160 A. 115. See *Pittsburgh Railways Co. v. Public Service Commission,* 115 Pa. Superior Ct. 58, 62, 174 A. 670.

The present appeals by the property owners must be quashed because the orders from which they have been taken are not final and appealable under section 1101 (a) of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1431. The process of administrative adjudication had not been completed, and the orders refusing to dismiss Duquesne's applications were, under the circumstances, interim, interlocutory orders.

In so far as the appellant property owners sought a preliminary test of the jurisdiction of the Commission over the parties or the subject matter, and the Commission did not dismiss for lack of jurisdiction but persisted in entertaining jurisdiction, their exclusive remedy to test the jurisdiction of the Commission in limine is under section 1111 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1441, by applying for an injunction against the Commission in the Court of Common Pleas of Dauphin County. *Sayre*

*Land Company v. Pennsylvania Public Utility Commission,* 167 Pa. Superior Ct. 1, 8, 74 A. 2d 713.

It being apparent that the orders from which the appeals have been taken are interlocutory, the appeals will be quashed for the same reasons which are fully set forth in *Sayre Land Company v. Pennsylvania Public Utility Commission,* supra, 167 Pa. Superior Ct. 1, 74 A. 2d 713.

*Whitaker Borough v. Pennsylvania Public Utility Commission,* 163 Pa. Superior Ct. 238, 60 A. 2d 341, upon which the appealing property owners rely, is not decisive on the question of appealability of such interim orders of the Commission, especially in view of our more recent pronouncement in *Sayre Land Company v. Pennsylvania Public Utility Commission,* supra, 167 Pa. Superior Ct. 1, 74 A. 2d 713. Besides, in the *Whitaker Borough* case the order of the Commission was final and appealable as to the Borough, which was the appellant.

Appeals No. 157, April Term, 1953, No. 159, April Term, 1953, and No. 160, April Term, 1953, are quashed.