### Blythe Township Municipal Authority, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued December 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Donald D. Dolbin,* with him *Burke, Bowe, Dolbin & Heffner,* for authority, appellant.

*Edward Munce,* Assistant Counsel, with him *Thomas M. Kerrigan,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Robert H. Young,* with him *Anson W. H. Taylor, Jr.,* and *Morgan, Lewis & Bockius,* for borough, intervening appellee.

OPINION BY RHODES, P. J., March 24, 1960:

This is an appeal taken on February 7, 1959, by the Municipal Authority of the Township of Blythe, County of Schuylkill, from an order of the Pennsylvania Public Utility Commission determining its jurisdiction in a rate proceeding.[1] The appeal will be dismissed.

---

[1] The Municipal Authority of the Township of Blythe, County of. Schuylkill, on February 4, 1959, filed a complaint in equity against the Public Utility Commission in the Court of Common Pleas of Dauphin County averring that the commission be enjoined from proceeding with any action to make the Authority subject to the provisions of any tariff supplement filed by the borough, and that the commission be required to dismiss the tariff supplement filed by the borough so far as it relates to the Authority.

The jurisdictional issue must be resolved in the first instance by the Court of Common Pleas of Dauphin County, the tribunal designated by statute as exclusive for its determination, before an appeal may be taken to this Court. Section 1111 of the Act of May 28, 1937, P. L. 1053, 66 PS §1441.

On February 28, 1958, the Borough of Schuylkill Haven filed a tariff supplement with the commission in which it proposed to substitute and apply its regular water rate schedule for water which appellant, the Municipal Authority of the Township of Blythe, obtains from the Tumbling Run Reservoirs owned by the borough. Previously Blythe Authority made payment for water received from the borough under an indenture dated February 1, 1945, in a manner and amount separate and apart from the regular tariff of the borough. By this indenture the Silver Creek Water Company, predecessor in title to the borough, conveyed certain parcels of land, in connection with the sale of its water works, to the Blythe Authority. It also granted to Blythe Authority, subject to certain conditions, the right to be supplied from the Tumbling Run Reservoirs retained by the grantor any water necessary in drought or emergency to supplement the water supply of Blythe Authority from its own watershed. For this right, which was designated a covenant running with the land, Blythe Authority was obliged to pay a fixed annual fee of twenty-five hundred dollars for the first ten years, after which the charge was subject to reexamination. The commission approved this indenture. On November 15, 1945, Silver Creek Water Company sold other water works and properties to the Borough of Schuylkill Haven, including the Tumbling Run Reservoirs. This indenture was subject to the covenant to supply water from Tumbling Run Reservoirs to Blythe Authority, and was approved by the commission. At the expiration of ten years the annual charge

was re-examined by the borough and Blythe Authority, but they were unable to agree on a proper charge. Although the 1945 indenture provided for arbitration in such event, such procedure apparently was not utilized. The borough thereafter filed the proposed tariff, which is the subject of this proceeding.

Blythe Authority filed a complaint to the proposed tariff questioning the jurisdiction of the commission and the reasonableness of the proposed tariff in the event the commission had jurisdiction over the matter. Blythe Authority alleged that the commission lacked jurisdiction, inter alia, because (1) Blythe Authority is in receivership and operating under the exclusive jurisdiction of the Court of Common Pleas of Schuylkill County; (2) the prior approval of the indenture by the commission amounted to an adjudication of the matters contained therein; (3) the borough has failed to utilize the remedy of arbitration under the indenture; and (4) the controverted issues do not relate to rates or any other matters within the commission's jurisdiction. In the latter respect it was contended that Blythe Authority had a property right in the water from the Tumbling Run Reservoirs which could not be made the subject of any rate or charge other than as provided in the indenture.

The commission suspended the proposed tariff until February 1, 1959, pending determination of the jurisdictional question raised by the Blythe Authority complaint. Hearing was had thereon. On January 5, 1959, the commission filed its decision determining that it had jurisdiction over the proposed tariff and ordered that the complaint be set down for hearing on the merits. From that order this appeal was taken. Apparently the proposed tariff became effective on February 1, 1959, by reason of the expiration of the nine-month suspension.

In the beginning Blythe Authority questioned the power and authority of the commission to act on the matter of the water dispute between itself and the borough. As the jurisdiction of the commission over the substance of the proceeding was questioned, there then arises the further issue of the jurisdiction of the commission to determine whether or not it had jurisdiction on the merits.

In every case the commission naturally must make some preliminary determination on the question of its power to act in the proceeding. See *Fogelsville & Trexlertown Electric Company v. Pennsylvania Power & Light Company*, 271 Pa. 237, 243, 114 A. 822. However, where the commission persists in entertaining jurisdiction and one of the parties believes that it lacks such power, the exclusive remedy for determination of the jurisdictional question is an injunction proceeding in the Court of Common Pleas of Dauphin County. Section 1111 of the Public Utility Law, 66 PS §1441. "It would appear, therefore, that in cases like the present where the Commission 'persists in entertaining jurisdiction' the statutory remedy given in section 1111 of the Act, 66 PS §1441, by injunction is an exclusive remedy. Where a remedy or method of procedure is provided by an act, its provisions must be strictly pursued and exclusively applied." *Sayre Land Company v. Pennsylvania Public Utility Commission*, 167 Pa. Superior Ct. 1, 8, 74 A. 2d 713, 717. Therefore we cannot review the commission's determination of the issue on this appeal. See *Reed v. Pennsylvania Public Utility Commission*, 174 Pa. Superior Ct. 132, 136, 100 A. 2d 399.

The appellant, Blythe Authority, did not institute its suit in Dauphin County until after the question of jurisdiction was fully litigated before the commission. We have considered whether such action amounted to an election of remedies on the question of the deter-

mination of commission jurisdiction over the subject matter, but we conclude that it could not. The subject matter for initial determination was the jurisdiction of the commission; jurisdiction over that issue is given exclusively to the Dauphin County Court. Jurisdiction over the subject matter may not be conferred by consent, waiver, or estoppel of the parties. *Bell Appeal*, 396 Pa. 592, 597, 152 A. 2d 731. There could be no election of remedies when there is but one remedy available.

It would further appear that the appropriate time to exercise the statutory injunctive relief for determination in limine of the jurisdictional question was upon the initial filing of the tariff by the borough. The jurisdictional question having been litigated before the commission rather than in the Court of Common Pleas of Dauphin County results in the necessity of re-litigating the same in compliance with the provisions of the statute.

The appeal is dismissed.