Kearns et ux., Appellants, *v.* Pennsylvania
Public Utility Commission.

Argued April 16, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Paul N. Barna,* with him *Barna and Barna,* for appellants.

*Anthony L. Marino,* Assistant Counsel, with him *Joseph I. Lewis,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*Charles L. McCormick,* with him *James F. Boyer,* for intervening appellee.

OPINION BY WRIGHT, J., June 12, 1963:

On April 12, 1962, the West Penn Power Company applied to the Pennsylvania Public Utility Commission for approval of the exercise of the right of eminent do-

main in acquiring a right-of-way across property of Dewey Ray Kearns and Clara E. Kearns, his wife, in Somerset Township, Washington County, Pennsylvania. Testimony was taken at a hearing on June 13, 1962, at which time Wilbur H. Kearns, a son and tenant of the property owners, testified in opposition to the application. By its order dated July 23, 1962, the Commission approved the application. This appeal by the property owners followed.

The record discloses that a transmission line has been in existence across the property in question for some forty years. It was erected by the Company in 1923 pursuant to a right-of-way agreement with Minnie H. Hetherington, dated May 19, 1922, and duly recorded in Washington County. At that time Mrs. Hetherington was a life tenant. She died on May 13, 1957. The Company takes the position that this right-of-way agreement is valid as against the appellants, who are owners of the remainder interest. Since there is a controversy between the parties on this issue, and since an attempted financial settlement of the matter was unsuccessful, the Company brought the instant proceeding for approval of the right of eminent domain in acquiring the right-of-way.

The Act of May 21, 1921, P. L. 1057, 15 P.S. 1182, grants to corporations supplying light, heat and power by means of electricity the right to appropriate property for the transmission or distribution thereof, subject to certain limitations. So far as here pertinent, the statute reads as follows: "And provided further, That before any such company shall exercise the power conferred by this subsection, the Public Service [Utility] Commission of the Commonwealth of Pennsylvania, upon application of such company, shall have found and determined, after public hearing, that the service to be furnished by said company through the exercise of said power is necessary or proper for the service, ac-

commodation, convenience, or safety of the public". It is not disputed in the instant case that the service presently being rendered by the transmission line is necessary or proper for the service, accommodation, convenience or safety of the public.

Appellants' first contention is based on the fact that the Act of May 21, 1921, requires Commission approval "before" the Company shall exercise the power of eminent domain. It is argued that the statute does not authorize an application for such approval after a transmission line has been erected. The answers to this argument are, first, that entry pursuant to an agreement is not the exercise of the power of eminent domain; second, that the Commission's function in the instant proceeding is not to determine whether the Company has the power to condemn, but whether the service to be furnished through the exercise of that power is necessary; and, third, that prior entry upon the land by the Company pursuant to an agreement with the life tenant does not bar exercise of the power to condemn if and when the rights under such agreement terminate.

Appellants concede that the right-of-way agreement obtained from the life tenant "gave the West Penn Power Company the right to use said land during her lifetime". Assuming arguendo that the Company's right ceased upon the life tenant's death, this fact would not prevent the Company from then applying for approval of the exercise of the right of eminent domain. Cf. *American Natural Gas Co. v. Evans*, 63 Pa. Superior Ct. 162. The approval of the Commission "is only a preliminary step and the scope and validity of the particular condemnation proceeding remains for subsequent determination": *Duquesne Light Co. v. Upper St. Clair Township*, 377 Pa. 323, 105 A. 2d 287. See also *Reed v. Pa. P. U. C.*, 174 Pa. Superior Ct. 132, 100 A. 2d 399. All that the statute requires is Com-

mission approval before the Company shall exercise the power of eminent domain. In the case at bar, the application was made before the Company attempted to exercise the power. It was therefore timely filed, and fully complies with the statutory requirement.

Appellants' second contention is based on the fact that the transmission line in question passes within three hundred feet of a dwelling house. One of the limitations set forth in the Act of May 21, 1921, is that "a dwelling house or the reasonable curtilage, not to be less than three hundred feet, appurtenant thereto, shall not be appropriated". The record discloses that the residence of Frank Velican is located some one hundred and twenty feet from the right-of-way. Velican owns a separate one acre lot, originally a part of the Kearns farm. The property line between the Velican lot and the Kearns farm is approximately sixty feet distant from the right-of-way. We are not in accord with appellants' argument that Velican should have received notice. No part of his property lies within the right-of-way, and the Company is not seeking to appropriate any curtilage appurtenant to his dwelling house. Nor is the Company attempting to appropriate any curtilage appurtenant to the dwelling house of the appellants. The following statement of President Judge RHODES in *Charch v. Pa. P. U. C.*, 183 Pa. Superior Ct. 371, 132 A. 2d 894, is here controlling:

"It is argued on behalf of appellant that . . . a right of way cannot be acquired by the appropriation of land within three hundred feet of a dwelling under any circumstances. We cannot agree with appellant's theory. If that were the intent of the Legislature, it would have been sufficient for it to have said that no property shall be appropriated which is within three hundred feet of a dwelling. In our opinion, the Legislature neither said that nor intended it. The statute uses the words 'appurtenant thereto' in describing the reason-

able curtilage; and these words must be given consideration in applying the statute . . . We recognize that the words 'not to be less than 300 feet' have meaning in this statute. They establish the minimum size of the 'reasonable curtilage' appurtenant to a dwelling. They do not, however, automatically extend the curtilage beyond the parcel on which the dwelling is located".

Appellants' third contention is based on the assertion that they own three adjoining tracts, which are purportedly operated as one farm, whereas the application "describes only the land purchased from Minnie H. Hetherington". It is our view that the omission of a description of the two adjoining tracts was not a fatal defect. The only question before the Commission was the necessity of the service to be rendered by the Company through the exercise of the power of eminent domain. There is no indication in the record that the extent of appellants' property holdings affected the determination of that issue. Whether appellants own two other tracts, whether these three tracts constitute a single farm, and the effect thereon by the exercise of the power of eminent domain, are questions relating to damages, and must be determined in another forum. Cf. *Morris v. Commonwealth,* 367 Pa. 410, 80 A. 2d 762. The Act of May 21, 1921, expressly provides that the Commission has no jurisdiction over the question of damages: *Wilson v. P. S. C.,* 89 Pa. Superior Ct. 352.

In conclusion, neither the Company's prior entry on the property under the right-of-way agreement, nor the existence of a dwelling house within three hundred feet, but situated on a parcel of land owned by a stranger to the proceeding, nor the Company's alleged failure to describe all of appellants' property holdings in the area, supply any ground upon which the Commission could properly have refused the application in the case at bar. "We do not find error of law, lack of evidence,

180

or violation of constitutional rights": *West Penn Power Co. v. Pa. P. U. C.,* 199 Pa. Superior Ct. 25, 184 A. 2d 143.

Order affirmed.