## Bower et al., Appellants, *v.* Pennsylvania Public Utility Commission.

Argued June 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

84

*John C. Youngman,* with him *Candor, Youngman & Gibson,* for appellants.

*Anthony L. Marino,* Assistant Counsel, with him *Joseph C. Bruno,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*Vincent Butler,* with him *Seth McCormick Lynn,* for intervening appellee.

OPINION BY ERVIN, J., September 17, 1964:

Pennsylvania Power & Light Company (PP&L) filed an application with the Pennsylvania Public Utility Commission under the provisions of the Act of May 21, 1921, P. L. 1057, 15 PS §1182, seeking an order of the commission that the service furnished by the company through its existing facilities over and across a tract of land owned by Albert J. Bower and Norman J. Danneker, trading as Albert J. Bower Cinder Company, is necessary or proper for the service, accommodation, convenience or safety of the public.

PP&L constructed the transmission line here considered in 1952. The line passes through the middle of two adjoining tracts (hereinafter called the East tract and the West tract) which lie south of the Pennsylvania Railroad track and right-of-way and which adjoin the right-of-way. The transmission line runs generally east and west, parallel with but some distance to the south of the railroad track. The line extends some 460 feet through the East tract and some 350 feet through the West tract.

When the transmission line was constructed in 1952, the East tract was owned by Williamsport Water Authority. Six years later, after PP&L had acquired a permanent right-of-way for its line over this tract, the tract was acquired by Albert J. Bower, subject to the dominant easement for the transmission line. This

easement being adequate, there is no present request to condemn any of the East tract.

The portion of the line passing through the middle of the West tract was by arrangement with the owner thereof, the Pennsylvania Railroad Company (PRR). The arrangement was a lease with a 30-day cancellation clause exercisable by either lessor or lessee. This tract was sold in 1962 by PRR to the partnership, trading as Albert J. Bower Cinder Company, appellants herein, but subject to the lease with PP&L. The West tract is the only one directly involved in the proposed condemnation. It is proposed, but not yet used, for cinder piling. Appellants have for some time been using the East tract for cinder piling.

The power line has been in existence for 12 years and had been in existence for 6 years and 10 years, respectively, when the East and West tracts were acquired by appellants herein, with full knowledge of the circumstances.

The appellants offered evidence to show that they are in the business of storing and selling cinders, that the property involved herein is particularly suited for the economic trucking and storage of cinders since it is within one-half mile of commercial weighing scales and is in close proximity to major highway routes. They also offered evidence to show that the West tract was acquired to provide for future expansion of cinder storage operations. Appellants also stated that if the power line were relocated to the edge of the properties along the PRR right-of-way, the cinder company would be willing to grant a temporary right-of-way to applicant for $1.00 or, if the elevation of the existing electric line over the present storage property were raised by 20 feet, a right-of-way would be granted by the cinder company for a consideration of $500.00.

PP&L's engineer testified that relocation of the electric line along a route adjacent to the railroad right-

of-way is not practicable or economically feasible because such a line would be isolated by the railroad track on one side and by cinder piles on the other side and would be inaccessible for required inspection and maintenance work or for any necessary switching operation, and, further, that the cost of such relocation would be approximately $5,000.00. This witness also testified that it would not be possible to relocate the existing line to avoid the cinder company property unless a suitable right-of-way could be obtained on an amicable basis across an adjoining residential property, and that the estimated cost of such reconstruction would be $7,000.00 exclusive of right-of-way costs.

PP&L also offered evidence to show that to increase the elevation or height of the existing line 20 feet over the cinder company's present storage property would cost an estimated $3,400.00 and that a line at this height could not be maintained with automatic equipment such as bucket or lift trucks.

This case is quite similar to and ruled by our decision in *Kearns v. Pa. P.U.C.*, 201 Pa. Superior Ct. 174, 191 A. 2d 700. We will not substitute our judgment for that of the commission unless the order is clearly unreasonable or amounts to a flagrant abuse of discretion: *West Penn Power Co. v. Pa. P.U.C.*, 199 Pa. Superior Ct. 25, 32, 184 A. 2d 143.

Any attempt to relocate the line over the East or West tract would necessarily involve relocation of the line for a considerable distance on either side thereof.

The appellants knew when they acquired these tracts that the power line was there and their complaint now comes at a late day.

We do not find any error of law, lack of evidence or violation of constitutional rights.

Order affirmed.