## Commonwealth v. Andrewlevage

*Thomas E. Mack*, District Attorney, for Commonwealth.

*Anthony J. Lupas, Jr.*, and *Gifford S. Cappellini*, for defendant.

BIGELOW, J., March 23, 1966.—Defendant was found guilty of assignation at a trial without jury before Bigelow, J. The testimony of the prosecuting police officer was as follows, as stipulated by counsel:

"On January 12, 1965, at approximately 1:30 A. M. I was in the Bluebird at 38 Northampton Street, Wilkes-Barre, Pennsylvania, when I was solicited by a girl by the name of Leona, being the defendant, to have sexual relations for a fee of $10.00, plus $3.00 fee for a room. I replied that the price was too high".

Defendant filed motions for a new trial and in arrest of judgment, but abandoned the motion for new trial before the court en banc, and argued only the motion in arrest of judgment, assigning as the reason in support thereof the following:

"1. The evidence elicited at the trial of the above captioned case was insufficient to sustain the verdict of the judge as the evidence did not make out the crime of assignation and defendant prays that she be discharged forthwith and the case be dismissed".

Section 512 of The Penal Code, June 24, 1939, P. L. 872, 18 PS §4512, provides, inter alia:

". . . or whoever commits prostitution or assignation . . . is guilty of a misdemeanor . . ."

Section 103 of The Penal Code, supra, 18 PS §4103, defines "assignation" as follows:

" 'Assignation,' the making of an appointment or engagement for prostitution, or any act in the furtherance of such appointment or engagement".

Defendant contends that, as no appointment or engagement was made between the State trooper and defendant, there could be no "act in furtherance of such appointment or engagement" and, therefore, defendant is not guilty of assignation. Defendant was not indicted for prostitution, "the offering or using of the body for sexual intercourse for hire": The Penal Code, supra, section 103, 18 PS §4103. The sole question is

whether the offer of defendant is an "act in furtherance of such appointment or engagement". The phrase "furtherance" is not a technical word of obscure meaning, but means "an act of preferment: advancement, promotion": People v. Trilck, 374 Mich. 118, 132 N. W. 2d 134. It is "A word of well defined and generally accepted meaning, as the act of furthering or helping forward, advancement, progress, or promotion": 37 C. J. S. 1417. In the present case, defendant's offer advanced and promoted, and thus was "in furtherance of" the making of an appointment. The police officer's reply, rejecting the offer, was repugnant to and in derogation of the offer.

One other matter requires consideration. The statutory definition of "assignation" is in the disjunctive. The making of an appointment *or* any act in furtherance of such appointment are the prohibited acts. If defendant were correct in her assertion that an appointment must be made before any act in furtherance of such appointment could be charged, the second phrase would be meaningless and redundant. In the construction of a statute " '. . . every word, sentence or provision therein is intended for some purpose, and accordingly must be given effect' ": Commonwealth v. McHugh, 406 Pa. 566, 569. We, therefore, hold that the offense of assignation does not require that an appointment be agreed to, if an act in furtherance thereof is proved, as in this case.

For these reasons, defendant's motion in arrest of judgment will be denied.

## ORDER

Now, March 23, 1966, defendant's motion in arrest of judgment is denied. Defendant is ordered to comply with the sentences of September 13, 1965, and is credited with the period of parole from September 13, 1965, to December 29, 1965, the date on which defendant's motions were filed nunc pro tunc.

DISSENTING OPINION

SCHIFFMAN, J., March 23, 1966.—This matter is before the court upon defendant's motion in arrest of judgment. Defendant maintains that the evidence adduced at trial did not make out the crime of assignation against her.

The terms *appointment* or *engagement*, as contained in section 103 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4103, in the definition of *assignation*, each require mutuality. Assignation involves an offer and acceptance for prostitution.

The present circumstances indicate the rejection of such offer, and do not contain the mutuality required in the making of such appointment or engagement. We are, therefore, required to determine whether or not, within the actual circumstances, defendant's unaccepted offer was "an act in furtherance of such appointment or engagement".

The majority decision cites People v. Trilck, 374 Mich. 118, 132 N. W. 2d 134, for the defined meaning of "furtherance" as the act of furthering, advancing, helping forward, progressing or promoting. However, a careful reading of that case indicates it is predicated upon proof of a common enterprise or mutual agency. It is only then that the declaration of one conspirator, done or made while the conspiracy is pending and in furtherance of its object, was held to be admissible against all conspirators.

In People v. Trilck, supra, 132 N. W. 2d, at page 137, it is stated:

". . . While such a statement is 'admissible against the others where it is in furtherance of the criminal undertaking . . . all such responsibility is at an end when the conspiracy ends' ": Fiswick v. United States, 329 U. S. 211.

It is conceded that a situation might arise where legal requirement and existing circumstances could

equate "furtherance" with "forwarding, advancing or promoting". However, another evident and probable meaning of furtherance is "additional", or, "going or lying beyond".

Several factors should be considered in our endeavor to ascertain the legislative intent in defining assignation. Several of these have been detailed in the majority opinion and conclusion. Others merit consideration.

All provisions in an act of the legislature must be read in the light of their immediate context: Whitaker Borough v. Pennsylvania Public Utility Commission, 163 Pa. Superior Ct. 238, 242. The immediate prior context here refers to the "making" of an appointment or engagement for prostitution. Acts "in furtherance of" are not used by the legislature in vacuity. The words relate to the furtherance of *such* appointment or engagement which relates to acts in the furtherance of *making* an appointment or engagement for prostitution.

The construction which is synonymous with promoting or advancing would make *any* act in the furtherance of such appointment or engagement a criminal offense. The degree, nature and extent of such an act would be difficult to evaluate, comprehend and ascertain.

Where a statute is fairly susceptible of two different constructions, the court may properly consider the injustice, unreasonableness and inconvenience that would follow one of the constructions contended for: Duddy v. Conshohocken Printing Company, 163 Pa. Superior Ct. 150, 155.

In section 103 of The Penal Code, 18 PS §4103, the definition of prostitution is subsequent to the definition of assignation. Prostitution is defined as the offering or using of the body for sexual intercourse for hire. It does not reasonably appear to have been the legislative intent to have defendant's unaccepted offer within

the defined crime of assignation, when it is clearly included and spelled out in the definition of prostitution.

It appears unlikely that the legislature intended the offering of the body for sexual intercourse for hire to constitute assignation, since that identical act was specifically included in the subsequent definition of prostitution.

The occasion and necessity to define the offer of the body for sexual intercourse for hire as prostitution was because it was not intended to be embraced within the legislative definition of assignation.

I, therefore, conclude the meaning of "furtherance" is not synonymous with an unilateral offer, solicitation or attempt. The more reasonable use of the word "furtherance" is *after* the making of a mutually consented engagement or appointment. This conclusion is in harmony with the context and sequence of the statutory definition of assignation.

Because of the reasons set forth, the denial of defendant's motion in arrest of judgment impels my dissent.