Pennsylvania Cable Television Association et al., Petitioners *v.* Pennsylvania Public Utility Commission, Respondent. Pennsylvania Power and Light Company et al., Intervenors.

Meadville Master Antenna, Inc. and Titusville Cable TV, Inc., Petitioners *v.* Pennsylvania Public Utility Commission, Respondent. Pennsylvania Cable Television Association et al., Intervenors.

Argued February 2, 1982, before President Judge CRUMLISH and Judges ROGERS, WILLIAMS, JR., MAC-PHAIL and DOYLE.

*Edward J. Riehl,* with him *Robert H. Griswold, McNees, Wallace & Nurick,* for petitioners, Pennsylvania Cable Television Association et al.

*Yolanda G. Barco,* with her *George J. Barco, Barco and Barco,* for petitioners, Meadville Master Antenna, Inc. and Titusville Cable TV, Inc.

*Robert A. Christianson,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent, Pennsylvania Public Utility Commission.

*John Antonuk,* for Intervenor, Pennsylvania Power & Light Co.

*Edward G. Bauer, Jr.,* with him *Eugene J. Bradley* and *Edward J. Cullen, Jr.,* for intervenor, Philadelphia Electric Company.

*Walter A. Boquist,* for intervenor, Metropolitan Edison Co.

*Richard A. Flati,* for intervenor, Pennsylvania Electric Assn.

*Donald F. Clarke,* with him *Karen Kress Weisbord,* for intervenor, The Bell Telephone Company of Pennsylvania.

*Jack F. Aschinger, Thomas & Thomas,* for intervenors, Denver and Ephrata Telephone and Telegraph Company; Mid-Penn Telephone Corporation; North Pittsburgh Telephone Company, and Pennsylvania Independent Telephone Association.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 6, 1982:

The Pennsylvania Public Utility Commission, respondent, and intervenors[1] have filed motions to quash the appeal[2] of Pennsylvania Cable Television

---

[1] Intervenors in this case are Bell Telephone Company of Pennsylvania, Denver and Ephrata Telephone and Telegraph Company, Mid-Penn Telephone Corporation, North Pittsburgh Telephone Company, Pennsylvania Independent Telephone Association, Philadelphia Electric Company, Pennsylvania Power and Light Company, Metropolitan Edison Company and Pennsylvania Electric Association.

[2] The motion to quash was directed for argument before this Court along with the merits of this case.

Association and other petitioners.[3] The motion is granted.

This action was brought within our appellate jurisdiction,[4] 42 Pa. C. S. §763. Thus, the threshold question presented to this Court is whether there is a final appealable adjudication or whether the instant appeal is from an interlocutory, unappealable order.

In 1978, Congress enacted legislation[5] granting the Federal Communications Commission power to regulate rates, terms and conditions of attachment to utility poles by cable television companies (CATV). However, the enabling legislation contained a proviso that, if a state chose to regulate the same activities, the FCC would no longer retain jurisdiction. In August 1978, the PUC adopted an order directing its Secretary to notify the FCC that they had asserted jurisdiction over CATV's in Pennsylvania. An appeal was taken to this Court from that order; however, the appeal was discontinued when PUC granted reconsideration. Hearings on the subject were conducted by an Administrative Law Judge whose initial decision concluded that the PUC did have jurisdiction over CATV's. The PUC adopted this order on May 13, 1981, with a modification to remand the matter to the

---

[3] Other petitioners are Raystay Company t/b/a TV Cable of Carlisle, Meadville Master Antenna, Inc., and Titusville Cable TV, Inc.

[4] 42 Pa. C. S. §763(a) provides:

    (a) General rule. — Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from *final orders* of government agencies in the following cases:

    (1) All appeals from Commonwealth agencies ... and including appeals from ... the Pennsylvania Public Utility Commission.... (Emphasis added.)

[5] Communications Act Amendment of 1978, P.L. 95-234, §6, 92 Stat—35; the provisions concerning pole attachments being codified in 47 U.S.C.A. §224.

ALJ to consider guidelines on the reasonableness of rates, terms, and conditions of CATV pole attachment agreements.

The petitioners assert that the determination as to jurisdiction was a final order or, in the alternative, if it was not a final order that it had the effect of putting them out of court as to the issue of jurisdiction and thus is appealable. We disagree.

Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, defines "adjudication" as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made....

The Administrative Agency Law further provides that "[a]ny person aggrieved by an adjudication" may appeal from such adjudication. 2 Pa. C. S. §702.

Our Supreme Court has held:

> It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute.... In ascertaining what is a "final order," we have looked beyond the technical effect of the adjudication to its practical ramifications. We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. (Citations omitted.)

*T.C.R. Realty Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977).

In *Herman Sheppard Detective System, Inc. v. Pennsylvania Public Utility Commission*, (No. 1827 C.D. 1980, filed March 25, 1981) this Court, *sua sponte*, quashed an appeal from a denial of a motion to dismiss for lack of jurisdiction. In so doing, the

Court applied the reasoning of *Reed v. Pennsylvania Public Utility Commission*, 174 Pa. Superior Ct. 132, 100 A.2d 399 (1953), that the remedy to challenge a continued exercise of jurisdiction by the PUC was by way of the *injunction provisions* of the Public Utility law. *Id.* at 136, 100 A.2d at 401.

We conclude that the PUC order is interlocutory and, therefore, unappealable. Petitioners have not been put "out of court" by this order. A specific provision to the same effect as was addressed in *Reed* has been recodified in the Public Utility Code, allowing challenges to PUC jurisdiction by way of an injunction.[6] Additionally, 42 Pa. C. S. §702(b) provides for an appeal of an interlocutory order by permission of the appellate court.

Either of the above provisions would have provided an adequate remedy to challenge the PUC's jurisdiction or to relieve petitioners of their alleged inability to seek FCC review because of the PUC's usurpation of jurisdiction. Accordingly, this appeal is premature and the motion to quash is granted.

ORDER

The motion to quash of respondent, Pennsylvania Public Utility Commission, is hereby granted.

Judge MENCER did not participate in the decision in this case.

---

[6] *See* the Public Utility Code, 66 Pa. C. S. §903, which provides,

> No injunction shall issue modifying, suspending, staying or annulling any order of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission and then only after cause shown upon a hearing.