462 A.2d 667

**PENNSYLVANIA CABLE TELEVISION ASSOCIATION and Raystay Company, t/d/b/a TV Cable of Carlisle, Appellants,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Appellee.**

Supreme Court of Pennsylvania.

Argued May 25, 1983.

Decided July 8, 1983.

Edward J. Riehl, Clyde W. McIntyre, Harrisburg, for appellant.

David A. Christiansen, Harrisburg, for appellee.

Donald F. Clarke, Elizabeth D. Sampath, Philadelphia, for Bell Telephone Co.

Jack F. Aschinger, Carroll F. Purdy, Jr., Harrisburg, for PA Independent Telephone Co., et al.

David J. Dulick, Allentown, for P.P. & L.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT and ZAPPALA, JJ.

## ORDER

PER CURIAM.

The order of the Commonwealth Court granting Appellee's demurrer is hereby affirmed.

LARSEN, J., files a dissenting opinion.

NIX and HUTCHINSON, JJ., did not participate in the consideration or decision of this case.

LARSEN, Justice, dissenting.

By order adopted August 16, 1978 and entered August 23, 1978, the Pennsylvania Public Utility Commission (PUC), without hearing, asserted jurisdiction over CATV[1] Pole Attachment Agreements.[2] The Secretary of the PUC was authorized to certify to the Federal Communications Commission (FCC) this state-agency assertion of jurisdiction. By letter dated August 23, 1978, certification of the asserted jurisdiction, with a copy of the order, was sent to the FCC.

The appellants, Pennsylvania Cable Television Association (PCTA) and Raystay Company filed an appeal, in the Commonwealth Court, from the August 23, 1978 order. This appeal was discontinued when the PUC granted reconsideration of its order. Following a series of evidentiary hearing sessions before an administrative law judge, the August 23, 1978 order was affirmed. The PUC then affirmed, with some modifications, the order of the administrative law judge. Appellants appealed that order to the Commonwealth Court. Upon motion of the appellee, PUC, the appeal was quashed. *Pennsylvania Cable Television Association v. Public Utility Commission,* 68 Pa.Comm.Ct. 187, 448 A.2d 1195 (1982).[3] Appellant's request for reconsideration was denied and a petition for allowance of appeal filed in

1. Community Antenna Television System.

2. The Communication Act Amendments of 1978 (47 USC § 224) empowered the Federal Communication Commission to regulate the rates, terms and conditions for cable television pole attachments. The Act provides, however, that the FCC will have no jurisdiction where a state certifies to the FCC that it regulates the rates, terms and conditions of cable television system pole attachments, and in so regulating, the state has the authority to consider and does consider the interest of the subscribers of cable television services, as well as the interests of consumers of the utility services.

3. The Commonwealth Court held that the PUC order determining jurisdiction over CATV Pole Attachment Agreement was interlocutory and, therefore, unappealable.

this court also was denied. (No. 83 M.D. Allocatur Docket, 1982).

Shortly after the appeal was quashed and while attempting to obtain reconsideration and then allowance of appeal, the appellants filed in the Commonwealth Court a petition for review in the nature of an application for injunction pursuant to Section 903 of the Public Utility Code.[4] The appellee responded by filing preliminary objections in the nature of a demurrer seeking dismissal of appellants' petition. On November 24, 1982, the Commonwealth Court entered the following order:

> "[T]he Preliminary Objection in the Nature of a Demurrer is hereby sustained and the Petition for Review is dismissed."

Appeal to this Court followed.[5]

The appellants argue that, contrary to the decision of the Commonwealth Court, the order entered by the PUC, which is the subject matter of appellants' challenge, involves a "Quasi-Judicial" function rather than a "Quasi-Legislative" function. The Commonwealth Court, in a Memorandum Opinion by Senior Judge Lehman, said:

> The crucial aspect of this case, in our mind, is the fact that petitioners are seeking to enjoin what is, at best, a PUC rulemaking proceeding; petitioners concede that there is presently before the PUC no adjudicatory proceeding concerning pole attachment agreements. In examining the law governing the writ of prohibition, it is clear that the writ is intended for use against an administrative agency when it is acting in a "Quasi-Judicial"

---

4. "No injunction shall issue modifying, suspending, staying or annulling any order of the Commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the Commission and then only after cause shown upon a hearing." Act, July 1, 1978, P.L. 598, No. 116 § 1, 66 Pa.C.S.A. § 903.

5. This is a direct appeal filed in this Court pursuant to Pa.R.A.P. 1101 which provides for appeal as of right from the Commonwealth Court in: "Any matter which was originally commenced in the Commonwealth Court and which does not constitute an appeal to the Commonwealth Court from another court, a district justice or another government unit."

capacity. *See Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 101, 61 A.2d 426, 429 (1948). However, an agency engaged in rulemaking is not considered to be acting in a "quasi-judicial" function; rather, the agency is considered to be involved in a "quasi-legislative" function. *See Pennsylvania Human Relations Commission v. Uniontown Area School District*, 455 Pa. 52, 76–77, 313 A.2d 156, 169 (1973). As such, the writ may not be used to prevent the exercise of this legislative authority. (Footnote references omitted.)

I disagree with the Commonwealth Court's and the majority's application of the law to the facts in this case. The finding that the PUC was acting in a quasi-legislative capacity does not square with the commission's activities. The order of the PUC, which is contested by appellants, is a finding that the PUC has jurisdiction to regulate the rates, terms, and conditions for CATV Pole Attachment Agreements. The PUC made the decision by interpreting the various provisions of the Public Utility Code.[6] I find this kind of action by the PUC to be more in the nature of a "Judicial" decision as opposed to "Legislative" activity. Accordingly, the PUC order is properly the subject matter of a petition for a writ of prohibition.[7] *See Akron Borough v. Pennsylvania Public Utility Commission*, 453 Pa. 554, 310 A.2d 271 (1973); and *Carpentertown Coal & Coke Co. v. Laird, supra.*

The appellants here are attempting to prevent an assertion by the PUC of an alleged erroneous claim of jurisdiction. This is the precise purpose for which a Writ of Prohibition traditionally is sought. *Akron Borough v. PUC, supra.* I would reverse the order of the Commonwealth Court and remand the case for further consideration of the jurisdictional issue raised by appellants.

**6.** Act of July 1, 1978, P.L. 598, No. 116 § 1, 66 Pa.C.S.A. § 101 et seq.

**7.** The injunction referred to in Section 903 of the Public Utility Code is essentially a writ of prohibition. *See: Akron Borough v. P.U.C.*, 453 Pa. 554, 310 A.2d 271, (1973).