449 A.2d 760

Herman Sheppard Detective System, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent, and Brink's Incorporated, Intervenor.

Hearing held January 12, 1981, before Judge CRAIG.

*Marc B. Kaplin,* with him, *Howard Gersham, Lesser & Kaplin, P.C.,* for petitioner.

*Kenneth E. Nicely,* Assistant Counsel, with him, *John G. Alford,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

*Herbert R. Nurick, McNees, Wallace & Nurick,* for Brink's Incorporated, intervenor.

MEMORANDUM AND ORDER:

Petitioner, Herman Sheppard Detective System, Inc. (Sheppard) has filed a petition for review from an order of the Pennsylvania Public Utility Commission (Commission) entered July 31, 1980 which denied Sheppard's motion to dismiss for lack of jurisdiction a complaint filed against it by Brink's, Inc. (Brink's). We *sua sponte* quash Sheppard's petition for review because it is taken from an order that is interlocutory and not otherwise appealable.

Under prior practice, a Commission order denying a motion to dismiss for lack of jurisdiction was considered to be interlocutory and unappealable, *Reed v. Pennsylvania Public Utility Commission,* 174 Pa. Superior Ct.,

132, 100 A.2d 399 (1953), notwithstanding the appealability of such orders entered at law or in equity under the Act of March 5, 1925, P.L. 23, *formerly,* 12 P.S. §672, (Act of 1925) repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1069].

Current practice provides that an interlocutory order is unappealable unless specifically made appealable by law or rule, 42 Pa. C. S. §5105(c); Pa. R.A.P. 311, or by permission, 42 Pa. C. S. §702(b); Pa. R.A.P. 1301-1323. The order from which petitioner appeals is not appealable by virtue of law or rule, and Brink's has not sought permission to appeal.

We therefore enter the following.

### ORDER

Now, March 23, 1981, we *sua sponte* quash the above petition for review.